# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

**VARCO I/P, INC.**

**-vs-**

**TESCO CORPORATION (U.S.), INC.**

**CIVIL ACTION NO. 05-0634**

**JUDGE LITTLE**

## MEMORANDUM RULING

Before the court is the motion to reconsider order allowing amendment [Doc. #35] filed by defendant Tesco Corporation (U.S.), Inc. ("Tesco"). Plaintiff Varco I/P, Inc. ("Varco") opposes the motion [#38]. For the reasons explained below, Tesco's motion, more appropriately designated a motion to alter or amend judgment, is DENIED.

## BACKGROUND

In this matter, Varco filed a motion for leave to file an amended complaint on 30 September 2005 [#23]. Tesco filed no opposition to the motion, and the motion was granted on 11 October 2005 [#27]. This court issued a judgment on 4 January 2006 [#33] in response to a motion to dismiss for lack of personal jurisdiction and improper and inconvenient venue filed by Tesco [ #13]. Following that judgment, on 11 January 2006, Tesco filed the instant motion, presumably pursuant to FED. R. CIV. P. 59(e). On the same day, Tesco also filed its opposition to Varco's motion for leave to file an amended complaint [#34].

**ANALYSIS**

As the Federal Rules of Civil Procedure do not expressly recognize motions seeking "reconsideration" of a judgment, such motions are typically treated as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), if filed within ten (10) days of the date of judgment. Bass v. United States Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). Therefore, the court will analyze the instant motion under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has directed that the Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). As such, "the district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Considerations limiting this discretion include "(1) finality, and (2) the need to render just decisions on the basis of all the facts." Id. (citations omitted).

Furthermore, a Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s]

the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (internal citation and quotation marks omitted). A Rule 59(e) motion should not be used to to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.

Tesco's motion does not demonstrate any manifest error of law or fact. Because Tesco's motion provides additional argument that should have been previously presented and fails to provide any new evidence or allegations, the court concludes that it is insufficient to warrant Rule 59(e) relief.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to reconsider order allowing amendment is DENIED.

Alexandria, Louisiana

11 May 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE